*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re GATES/POWELL, Minors.

UNPUBLISHED
October 1, 2019

No. 347970
Wayne Circuit Court
Family Division
LC No. 18-001936-NA

Before: O'BRIEN, P.J., and BECKERING and LETICA, JJ.

PER CURIAM.

Petitioner, the Department of Health and Human Services, appeals by right the trial court's order dismissing its original petition in this child protective proceeding. We conclude that the trial court clearly erred in doing so. Accordingly, we vacate the trial court's order, reinstate the petition, and remand this case for further proceedings.

Petitioner filed a neglect petition against respondent after her minor daughter, DGG, alleged that a family friend had sexually abused her four times. The petition also included extensive allegations of substance abuse, improper supervision, and unfit living conditions. After a preliminary hearing, the trial court authorized the petition. It placed DGG and her twin brother, DLG, with their nonrespondent father, who lived apart from respondent.[1] The court handled the child custody portion of the domestic relations case involving respondent and the father; it granted the father full, permanent custody of the twins and allowed supervised parenting time to respondent based on the father's discretion. At the outset of a hearing scheduled for the adjudication trial in this child protective proceeding, respondent orally moved to dismiss the petition, arguing that there was no risk of harm to the children because they were placed with their father in a fit home. Petitioner objected; it wished to move forward with the case, arguing that the children could still be put at risk even with father having custody. The lawyer-guardian ad litem supported the motion. The trial court dismissed the petition.

---

[1] A third child of respondent's was placed elsewhere; he reached the age of majority during the proceedings and indicated that he was not interested in receiving services from petitioner.

On appeal, petitioner argues that the trial court clearly erred in dismissing the petition. It maintains that, even though the children were in a fit home with their father, there remained a risk of harm at the time the petition was filed. Accordingly, it argued that the case should have proceeded to adjudication. We agree.

The trial court did not state the legal basis for its decision to dismiss the petition. Petitioner asserts that the dismissal was analogous to summary disposition. Respondent contends that the motion was analogous to a request for a rehearing on the authorization of the petition. Based on the trial court's remarks on the record, it appears to have dismissed the petition based on a belief that it lacked jurisdiction under MCL 712A.2(b)(1) and (2), as it addressed the fact that the children were at that time placed in a safe and suitable environment.

We review the trial court's rulings regarding jurisdiction "for clear error in light of the court's findings of fact." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). We review de novo the interpretation and application of statutes and court rules. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

MCL 712A.2 governs jurisdiction in child neglect proceedings. That statute states in relevant part:

> The court has the following authority and jurisdiction:
>
> * * *
>
> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.
>
> * * *
>
> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in.

In *In re MU*, 264 Mich App 270, 277-278; 690 NW2d 495 (2004), the Court addressed whether the trial court had properly assumed subject-matter jurisdiction over the subject children. Quoting *In re AMB,* 248 Mich App 144, 168; 640 NW2d 262 (2001), the Court stated:

[A] family court has subject-matter jurisdiction when the allegations in the petition provide probable cause to believe that it has statutory authority to act because the child's parent or guardian neglected the child, failed to provide a fit home, or committed any of the other conduct described in the statute. Whether the allegations are later proved true is irrelevant to whether the family court has subject-matter jurisdiction. [*In re MU*, 264 Mich App at 277-278.]

The respondent in *In re MU* argued that criminality was not a basis for assuming jurisdiction because at the time of filing the petition he had not been convicted of a crime. The Court concluded that a finding of criminality did not require a conviction, but agreed that "the trial court must examine the child's situation at the time the petition was filed." *Id*. at 279.

In the present case, the trial court did not examine the children's situation at the time the petition was filed. Rather, it examined the children's situation at the time scheduled for the adjudication trial. The allegations in the petition, if found to be true, would be sufficient for the trial court to take jurisdiction of the children with respect to respondent under MCL 712A.2(b)(1) and (2). DGG alleged that someone respondent allowed to live in their house had sexually abused her four times. And respondent did not believe that DGG had been abused.[2] Moreover, the petition contained allegations that respondent's home was unfit for the children to live in because of drunkenness, marijuana use, sexual abuse (depravity), infestations of bed bugs and roaches (neglect), respondent's inability to get out of bed after a night of partying (neglect), and respondent's aggressiveness toward the children when she was drunk (cruelty). At the time the petition was filed, the nonrespondent father did not yet have full legal and physical custody of the children. Thus, there still existed the possibility that the children could have been returned to respondent's care and that she could have continued to subject them to neglect or harm. Moreover, there was no indication on the record regarding the alleged abuser's criminal conviction or sentence, if any, arising out of his actions. Thus, at the time the petition was filed, there still existed the possibility that the alleged abuser could have gained access to DGG should she be returned to respondent's care. Considering these facts, we conclude that respondent's alleged conduct, if true, would be sufficient for the trial court to exercise jurisdiction over the children under MCL 712A.2(b)(1) and (2).

Respondent argues that the trial court did not err in dismissing the case because, although aware of the facts alleged in the petition, the court nevertheless found it appropriate to give the non-respondent father sole physical and legal custody of the children and to award her supervised parenting time at the father's discretion, thus removing the children from any harm. Even if it had been appropriate for the trial court to consider the current placement of the children in determining whether to dismiss the petition, dismissal still would have been clear error. Respondent might still pose a danger to the children if she regained custody of them through custody proceedings or if something happened to the father, or if she obtained unsupervised parenting time. When the state is concerned that a parent should not be entrusted with the care and custody of her children, "the state has the authority—and the responsibility—to

---

[2] DGG had a physical examination, which revealed trauma to her vagina.

protect the children's safety and well-being by seeking an adjudication . . . ." *In re Sanders*, 495 Mich at 421-422. Thus, we conclude that the trial court clearly erred in dismissing the petition based on the children's subsequent custody placement with their father.

For the reasons state above, we vacate the trial court's order dismissing the petition, reinstate the petition, and remand this case to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Colleen A. O'Brien
/s/ Jane M. Beckering
/s/ Anica Letica